**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2718-WJM-KLM

TINA GARCIA,

    Plaintiff,

v.

JUDY D. GRAVES, and
ELIZABETH H. ENENBACH

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

---

Plaintiff originally filed this dispute arising out of an automobile accident in Denver District Court. (ECF No. 1-1.) On October 12, 2012, Defendants filed a Notice of Removal ("Notice") which alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. (ECF No. 1.)

Before the Court is Plaintiff's Motion for Remand. (ECF No. 11.) For the reasons set forth below, the Motion for Remand is denied.

### I. LEGAL STANDARD

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a

defendant removes a case from state court asserting the existence of diversity jurisdiction, that removing defendant must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Removal statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Moreover, there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

## II. ANALYSIS

Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The parties do not dispute that the amount in controversy requirement is satisfied in this case. The only issue here is whether Defendants have met their burden of showing that the parties are citizens of different states.

Plaintiff argues that the Court should remand this action because Defendants' Notice of Removal states only that Plaintiff is a "resident" of Colorado and that Defendants are "residents" of New Mexico and South Carolina. (ECF No. 11 at 2-3.) Plaintiff contends that residency is different than citizenship and, therefore, Defendants' Notice is deficient. (*Id*. at 3.)

The Court agrees that, were Defendants' allegation of the parties' residency the

only evidence in the record on this point, the Notice would be insufficient to establish federal jurisdiction. *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003) ("We note that the jurisdictional statement contained in plaintiffs' complaint (which was never amended) is technically deficient. Although the citizenship of the corporate plaintiffs is properly alleged, plaintiffs only allege that defendants are residents of Texas, which is insufficient."); *Andress v. Deasy*, 144 F.3d 1198 (Table), 1997 WL 299294, at *1 (10th Cir. June 5, 1997) ("[W]hile the record contains indications of Andress' residence, it contains no allegation as to his state of citizenship. Andress has failed to establish jurisdiction in federal court."); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) (holding that, in a complaint or notice of removal, "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

However, there is additional evidence in the record regarding the citizenship of the parties. Attached to the Notice was a Police Report from August 2009 showing that, at that time, Plaintiff resided in Colorado (at the same address listed on her Complaint) and the Defendants resided in South Carolina and New Mexico, the same states that they are alleged to reside in at the time the Complaint and Notice were filed. (ECF Nos. 1, 1-1, and 1-3.) The fact that the parties have resided in the same states for more than three years shows that the state of their residency is also likely the state of their citizenship. *See Walden v. Broce Constr. Co.*, 367 F.2d 242, 245 (10th Cir.

1966) (intent to remain in the state of residence is key to finding of citizenship).[1]

Plaintiff offers nothing to controvert the evidence showing that the parties are diverse. The Court finds that the allegations of residency in the Complaint and the Notice, coupled with the evidence discussed above, are sufficient to meet Defendants' burden of showing that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Remand. (ECF No. 11.)

Dated this 21st day of November, 2012.

BY THE COURT:

*[signature]*

William J. Martinez
United States District Judge

---

[1] The Court notes that Defendants have also attached property records and voter registration records to their Opposition to the Motion to Remand. (ECF No. 13-1 and 13-2.) The Court declines to consider this evidence as it is unnecessary to resolve the Motion for Remand and it was not attached to the Complaint or the Notice.