IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02718-WJM-KLM

TINA GARCIA,

      Plaintiff,

v.

JUDY D. GRAVES,

      Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Compel Discovery** [#34];

on Defendant's **Motion for Sanction of Dismissal, or in the Alternative, for Order**

**Compelling Appearance at Deposition and Providing of Discovery Responses Under**

**Penalty of Dismissal for Noncompliance, and Motion for Imposition of Fees and**

**Costs** [#47]; and on the Court's **Order to Show Cause** [#50].  Plaintiff has not responded.

## I.  Background

      On July 25, 2011, the Court ordered Plaintiff to show cause why her case should not

be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  In the Order to

Show Cause, the Court outlined the history of Plaintiff's conduct in this matter.[1]  Despite

the Court's clear warning about the consequences for failure to respond to the Order to

Show Cause, Plaintiff did not respond by the show cause deadline.  Plaintiff's conduct to

_____

      [1]  The history of this matter in the Order to Show Cause [#50] is incorporated into the
present Order and Recommendation as if fully set herein.

date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with several Court Orders and Local Rules.  Because Plaintiff is proceeding pro se, the Court has given Plaintiff multiple opportunities to prosecute her case.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.  *See Hall*, 935 F.3d at 1110.

The Court finds that Plaintiff has failed to meaningfully participate in her case.  As the Court noted in the Order to Show Cause, [#50] at 9:

> On review of the entire docket in this case, and even assuming *arguendo* that Plaintiff requires all of the accommodations she requests, there is no indication in the record as to why she has been unable to communicate in either written or verbal form with counsel for Defendant since Plaintiff's own counsel withdrew, regarding either conferral pursuant to Local Rule 7.1A. or her discovery obligations.   Further, not only has Plaintiff failed to communicate directly with Defendant's counsel, but she has failed to file any appropriate responses or replies to Defendant's filings, despite having been provided with ample opportunities in which to do.  In addition, she failed to comply with the District Judge's Order [#43] and has provided no explanation for her failure.  There is no indication on the docket that Plaintiff's address has changed or that she has not received copies of filings from either Defendant or from the Court.  Finally, the Court notes that Plaintiff has had since June 3, 2013 in which to obtain new counsel, and she has failed to do so.

At this point, Plaintiff has failed to comply with at least two Court Orders:  (1) she failed to jointly or separately file a Status Report, as directed by the District Judge on August 21, 2013 [#43]; and (2) she failed to comply with the Order to Show Cause [#50].  Further, as detailed in the Order to Show Cause, Plaintiff has failed to file responses to Defendant's motions, failed to participate in discovery, and failed to confer with Defendant regarding other issues in this matter.  Plaintiff's inactions are collectively viewed as a failure to prosecute her case.

## II. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2]  The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [her] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

## A.     Prejudice to Defendant

From a review of the case file, the Court finds that Plaintiff's neglect of her case has prejudiced Defendant.  Defendant has defended the lawsuit in good faith, propounded discovery, attended hearings, and prepared Court documents.  Moreover, Plaintiff's failure to participate in discovery has prejudiced Defendant's ability to defend against the allegations made by Plaintiff in her Complaint.  Allowing the case to proceed when Plaintiff refuses to participate would require Defendant to expend further unnecessary time and expense to defend against a case which Plaintiff appears to have no interest in prosecuting on her own.  This factor weighs in favor of dismissal.

## B.     Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute her case, and specifically her failure to comply with Court Orders, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to contact the Court or put herself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process.  In particular, Plaintiff's neglect has caused the undersigned and her staff to expend unnecessary time and effort.  The Court's frequent review of the case file and motions to which Plaintiff failed to respond, fruitless extension of case management deadlines, and issuance of the Order to Show Cause and this Recommendation increase the workload of the Court and take its attention away from other

matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.  "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).  This factor weighs in favor of dismissal.

## C.      Culpability of Plaintiff

Plaintiff has without excuse ignored her case responsibilities and failed to move her case forward.  She has been without an attorney since June 3, 2013, and was denied a stay by the District Judge On July 10, 2013.  The Court provided Plaintiff with ample opportunities to litigate her case, but since August 2013, she has chosen not to participate. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that she complies with case deadlines, Court Orders and applicable rules.  *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that she is therefore responsible for her own noncompliance.  This factor weighs in favor of dismissal.

## D.      Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that she risked dismissal of her case if she failed to move the case forward or to comply with Court Orders [#31-1, #50].  Pro se litigants are required to read and follow the rules of the Court.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly, it should be no surprise to Plaintiff that her failure to prosecute this case could result in the sanction of dismissal.  Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent

this result.  *See Lynn*, 2006 WL 2850273, at *7.

**E.      Efficacy of a Lesser Sanction**

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her neglect here.  *See Green*, 969 F.2d at 917.  In addition, given that Plaintiff has not been in contact with the Court for several months, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct.  Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting her claims.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

## III.  Conclusion

The Court respectfully **RECOMMENDS** that Defendant's **Motion for Sanction of Dismissal** [#47] be **GRANTED** to the extent that Defendant seeks dismissal of this action. Accordingly,

IT IS FURTHER **RECOMMENDED** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that Defendant's Motion for Imposition of Fees and Costs [#47] is **DENIED without prejudice** for failure to comply with Local Rule 54.3.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#50] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED**, in light of this Recommendation, that Defendant's Motion to Compel Discovery [#34] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).    A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 18, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge